[Cite as *Palmer v. O'Brien*, 2011-Ohio-5208.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

DAVID D. PALMER                                  :

    Plaintiff-Appellant          :       C.A. CASE NO. 24258

vs.                                              :       T.C. CASE NO. 10-CV-362

                                 :       (Civil Appeal from
DANIEL L. O'BRIEN                                        Common Pleas Court)
    Defendant-Appellee           :

. . . . . . . . .

O P I N I O N

Rendered on the 7th day of October, 2011.

. . . . . . . . .

David Palmer, #329-601, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, OH 44901
    Pro Se Plaintiff-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This is an appeal from a final order entered in Montgomery County Common Pleas Court Case No. 2010CV00362 pursuant to Civ.R. 4(E), dismissing the action, with prejudice, pursuant to Civ.R. 12(B)(5) for failure of service of process.

{¶ 2} On May 18, 2010, the trial court entered an order, sua sponte, requiring Plaintiff David D. Palmer to show cause within fourteen days why his action should not be dismissed pursuant to

Civ.R. 12(B)(5) for failure of service on Defendant Daniel L. O'Brien. The court found that, pursuant to Civ.R. 3(A), the action had not been "commenced" because service was not obtained within one year after the complaint in the action was filed. The court also ordered the clerk "to serve a copy of this decision and Judgment Entry upon the plaintiff within three (3) days of the entering of the Judgment on the Journal, in a manner prescribed in Civ.R. 5(B)[sic] and note service in the appearance docket." (Dkt 7).

{¶3} Palmer filed no response to the show cause order within the fourteen days the court allowed. On August 16, 2010, the trial court ordered the action "dismissed with prejudice" . .. "[f]or the reasons set forth in the Court's prior judgment entry, filed May 18, 2010." Palmer filed a notice of appeal from the order of dismissal on September 13, 2010. (Dkt. 15).

FIRST ASSIGNMENT OF ERROR

{¶4} "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PRINCIPLES [SIC] OF APPELLANT BY DISMISSAL OF CASE FOR JUDGMENT AGAINST DEFENDANT WHEN THE DAYTON BAR ASSOCIATION HAD RULES [SIC] ON THE MATTER OF FEE DISPUTE. THE TRIAL COURT EXCEEDED IT'S [SIC] AUTHORITY WHEN IT REFUSED TO FOLLOW THE DAYTON BAR ASSOCIATION RULINGS."

{¶5} Prior to 2004, Palmer retained O'Brien as counsel to represent Palmer in criminal proceedings. A fee dispute arose

between Palmer and O'Brien. In January of 2004, Palmer and O'Brien submitted the fee dispute to binding arbitration before the Committee on Fee Dispute Arbitration of the Dayton Bar Association. The Committee on Fee Dispute found that O'Brien was entitled to only $2,950 of the $7,000.00 retainer he collected from Palmer. O'Brien has since been indefinitely suspended from the practice of law. *Dayton Bar Association v. Daniel L. O'Brien* (August 11, 2004), Sup. Ct. Case No. 04-85.

{¶ 6} Palmer argues that the trial court should have granted a judgment in his favor for the amount which the Dayton Bar Association found that O'Brien owes Palmer. That argument involves the merits of Palmer's claim for relief. Absent timely service of process on O'Brien, Palmer is not entitled to relief on his claim.

{¶ 7} The first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 8} "THE HONORABLE COURT OF RICHLAND COUNTY, OHIO ERRED BY TRANSFERRING THIS CASE TO THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO."

{¶ 9} Palmer filed a prior action against O'Brien seeking similar relief in Richland County, where Palmer is incarcerated. The Richland County court dismissed the action for lack of subject matter jurisdiction and improper venue. On review, the Fifth

District Court of Appeals reversed, holding that the action should instead have been transferred to Montgomery County. *Palmer v. O'Brien*, Richland App. No. 04CA38, 2004-Ohio-5365.

{¶ 10} The present case involves a second action against O'Brien that Palmer also filed in Richland County. The Richland County Court likewise transferred that action to Montgomery County, where it was docketed as Case No. 2010CV00362.

{¶ 11} Palmer does not explain how the Richland County Court erred in transferring his case. The issue of venue in the present action is no different from the issue of venue the Fifth District decided in the prior action. The Richland County court did not err when it also transferred the present action to Montgomery County.

{¶ 12} The second assignment of error is overruled.

THIRD ASSIGNMENT OF ERROR

{¶ 13} "THE TRIAL COURT OF MONTGOMERY COUNTY ERRED TO THE PRINCIPLE [SIC] OF APPELLANTS [SIC] SUBSTANTIAL RIGHTS BY NOT PROVIDING SERVICE ON THE JUDGMENT ENTY [SIC] THEY FILED ON MAY 18, 2010 AND SHOWN ON THE FINAL JUDGMENT ENTRY BY THE VISITING JUDGE. THIS VIOLATES THE APPELLANTS [SIC] CONSTITUTIONAL RIGHTS."

{¶ 14} The Montgomery County Court of Common Pleas stated in its May 18, 2010 order to show cause that it intended to dismiss Palmer's complaint because he failed to serve the summons and

complaint on O'Brien within the one year that Civ.R. 3(A) requires. In doing that, the court acted sua sponte. Civ.R. 4(E) authorizes such dismissals, and provides:

{¶ 15} "Summons: time limit for service. If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, <u>the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party</u> or upon motion. This division shall not apply to out-of-state service pursuant to Rule 4.3 or to service in a foreign country pursuant to Rule 4.5." (Emphasis supplied.)

{¶ 16} The May 18, 2010 order gave Palmer both notice of its intent to dismiss the action and an opportunity to show why the action should not be dismissed. Palmer contends that he did not respond because he did not receive a copy of the May 18, 2010 order. On the last page of its May 18, 2010 order, the court directed the clerk of courts to serve a copy of the entry upon Palmer within three days of entering of the judgment on the journal and to note service in the appearance docket. That requirement relies on Civ.R. 58(B), which provides:

{¶ 17} "Notice of filing. When the court signs a judgment,

the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. <u>Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete.</u> The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)." (Emphasis supplied.)

{¶ 18} The record fails to demonstrate that the clerk of courts noted service of the order to show cause on Palmer in the appearance docket. Therefore, per Civ.R. 58(B), service of the May 18, 2010 judgment entry on Palmer was not complete. Lacking service of the order, Palmer was deprived of notice that his action would be dismissed absent a showing of cause. Civ.R. 4(E) required notice to Palmer prior to dismissal of the action on the court's own initiative, a fact which the court acknowledged in its May 18, 2010 order.

{¶ 19} On the record before us, we find that the trial court erred in dismissing Palmer's action pursuant to Civ.R. 4(E). We also note that Civ.R. 4(E) provides that dismissal pursuant to

that rule, when proper, is without prejudice, not with prejudice, as the court ordered in the present case.  The third assignment of error is sustained.  The judgment of the trial court will be reversed and the cause will be  remanded to the trial court for further proceedings consistent with this opinion.

FROELICH, J. and CANNON, J. concur.

(Hon. Timothy P. Cannon, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

David D. Palmer
Hon. Sumner Walters
Hon. Barbara P. Gorman, Administrative Judge